O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MIREYA PARRA,<br><br>           Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>          Defendant. | Case No. CV 10-00865-MLG<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Mireya Parra seeks judicial review of the Social Security Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB"). For the reasons set forth below, the decision of the Commissioner is affirmed.

**I.  Background**

Plaintiff was born on March 28, 1950. (Administrative Record ("AR") 55.) She is a high school graduate, with additional training in cosmetology. (AR 74-75.) Plaintiff was employed as a traffic coordinator/import-export manager for an aerospace company from 1979 to 1999. (AR 70.)

Plaintiff filed an application for DIB on November 16, 2005, alleging that she has been disabled since April 16, 1999, as a result of depression, high blood pressure, migraine headaches, inability to concentrate, and carpal tunnel syndrome. (AR 55, 69.) Plaintiff's date last insured was December 31, 2004. (AR 401.) In order to qualify for disability insurance benefits, Plaintiff is required to establish that she was disabled on or before the date her insured status expired. 20 C.F.R. §404.131(b)(1); *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984); *Flaten v. Secretary of Health & Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995). Plaintiff was therefore required to establish that she was disabled on or before December 31, 2004, in order to be eligible for disability insurance benefits.

Plaintiff's application was denied initially by the Social Security Administration ("SSA") on the basis of insufficient evidence. (AR 27.) On reconsideration, the SSA affirmed its decision that there was insufficient evidence to establish disability on or before December 31, 2004. (AR 31-35.) An administrative hearing was started on November 7, 2006, before Administrative Law Judge ("ALJ") Lawrence D. Wheeler, and was continued to April 12, 2007. (AR 343-364, 365-388.) On August 8, 2007, ALJ Wheeler issued a decision denying Plaintiff's application for benefits. (AR 11-22.) The ALJ found that Plaintiff suffered from the severe impairments of cervical spine pain, headaches and carpal tunnel syndrome but that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR 21.) The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to do the full range of light work and that she was able to perform her past relevant work. (Id.)

On March 21, 2008, the Appeals Council denied review (AR 5-7) and Plaintiff sought judicial review in this Court. On January 26, 2009, this Court remanded the case to the Commissioner for further proceedings, finding that the ALJ had erred in finding that Plaintiff's mental impairment was not severe. *Parra v. Astrue*, CV 08-3173-MLG. (AR 417-435.)

On June 16, 2009, a second administrative hearing was held before ALJ Wheeler. (AR 461-481.) On September 11, 2009, the ALJ issued a decision again concluding that Plaintiff was not disabled. (AR 400-408.) The ALJ found that Plaintiff suffered from the severe impairments of cervical spine pain, headaches, carpal tunnel syndrome, and depression. (AR 402.) The ALJ further determined that Plaintiff's depression prevented her from performing her past relevant work, but that it was not sufficiently severe to preclude all work. (AR 407.) Relying on testimony from a vocational expert, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, such as assembler, small products and back office helper. (Id.) On December 4, 2009, the Appeals Council denied review. (AR 389-392.)

Plaintiff then filed this action for judicial review. On August 11, 2010, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff alleges: (1) the ALJ failed to accord proper weight to the opinion of Plaintiff's treating psychiatrist; (2) the ALJ's finding that Plaintiff was only mildly to moderately impaired due to her depression was not supported by substantial evidence; and (3) the ALJ erred in assessing and weighing Plaintiff's testimony and subjective complaints. (Joint Stp. 3.) Plaintiff seeks an award of benefits. (Joint Stp. 17.) The Commissioner requests that the ALJ's decision be affirmed.

1   (Joint Stp. 18.)

2

3   **II.  Standard of Review**

4        The  Court  must  uphold  the  Social  Security  Administration's

5   disability  determination  unless  it  is  not  supported  by  substantial

6   evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528

7   F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec.*

8   *Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means

9   more than a scintilla, but less than a preponderance; it is evidence

10  that  a  reasonable  person  might  accept  as  adequate  to  support  a

11  conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir.

12  2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir.

13  2006)).  To determine whether substantial evidence supports a finding,

14  the reviewing court "must review the administrative record as a whole,

15  weighing both the evidence that supports and the evidence that detracts

16  from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715,

17  720 (9th Cir. 1996). "If the evidence can support either affirming or

18  reversing the ALJ's conclusion," the reviewing court "may not substitute

19  [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

20

21  **III. Discussion**

22       **A.    The  ALJ  Accorded  Appropriate  Weight  to  the  Opinion  of**

23             **Plaintiff's Treating Physician**

24       Plaintiff  contends  that  the  ALJ  erred  in  failing  to  give

25  controlling weight to the opinion of her treating psychiatrist, Dr. Adib

26  Bitar. (Joint Stp. 3.) Dr. Bitar, who first began treating Plaintiff on

27  June  14,  2005,  diagnosed  her  with  major  depression.  In  a  letter  to

28  counsel dated April 16, 2007, Dr. Bitar opined that cumulative stress

4

1    beginning in 1998, when she lost her job, "perpetuated a disabling
2    depression" for which Plaintiff "remains in treatment for indeterminate
3    time." (AR 337.)

4         An ALJ should generally accord greater probative weight to a
5    treating physician's opinion than to opinions from non-treating sources.
6    *See* 20 C.F.R. § 404.1527(d)(2). The ALJ must give specific and
7    legitimate reasons for rejecting a treating physician's opinion in favor
8    of a non-treating physician's contradictory opinion. *Orn v. Astrue*, 495
9    F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.
10   1996). However, the ALJ need not accept the opinion of any medical
11   source, including a treating medical source, "if that opinion is brief,
12   conclusory, and inadequately supported by clinical findings." *Thomas v.*
13   *Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan v.*
14   *Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be
15   considered by the adjudicator in determining the weight to give a
16   medical opinion include: "[l]ength of the treatment relationship and the
17   frequency of examination" by the treating physician; and the "nature and
18   extent of the treatment relationship" between the patient and the
19   treating physician. *Orn*, 495 F.3d at 631-33; 20 C.F.R. §§
20   404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

21        The ALJ provided several legitimate reasons for refusing to give
22   Dr. Bitar's opinion controlling weight, each of which was supported by
23   substantial evidence in the record. First, the ALJ noted that Dr. Bitar
24   did not examine Plaintiff until June 14, 2005, six months after the date
25   last insured of December 31, 2004, and did not complete a Mental
26   Disorder form until February 2006, fifteen months after her date last
27   insured. (AR 253-256, 405.) Thus, there was no medical evidence within
28   the relevant period that established that Plaintiff's mental impairment

was disabling. *See Sample v. Schweiker*, 694 F.2d 639, 642-43 (9th Cir. 1982) ("The existence of emotional disorder, however, is not *per se* disabling .... there must be proof of the impairment's disabling severity.").

Plaintiff argues that Dr. Bitar's medical reports, even though issued after the date last insured, are relevant to assess disability, citing *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). Although medical reports rendered retrospectively may not be disregarded solely on the basis that they were prepared after the claimant's insured status expired, there is no medical evidence in the record which supports a finding that Plaintiff was unable to perform substantial gainful employment prior to December 31, 2004, because of her depression. The claimant bears the initial burden of showing that he or she is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment. 42 U.S.C. § 1382c(a)(3)(4); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). In light of the evidence in the record, the ALJ correctly determined that Plaintiff had not met this burden.

Moreover, the only medical opinion rendered during the relevant time period does not establish that Plaintiff's depression prevented her from performing any substantial gainful employment. Plaintiff's neurologist, Dr. Fawaz Al Faisal, began treating Plaintiff in January 2002 for migraine headaches. (AR 210-212.) Dr. Faisal diagnosed Plaintiff with "classic migraine headaches" and "distal paresthesias in both hands," but did not diagnose her with depression. (Id.) Although Plaintiff notes that Dr. Faisal prescribed her Celexa in 2002 to treat depression, this was based solely on Plaintiff's self-reported symptoms as Dr. Faisal never conducted a mental status examination of Plaintiff.

6

Further, Dr. Faisal never diagnosed Plaintiff with depression nor did he ever find that her depression was disabling. (AR 187-88, 194-212, 403.) In addition, Dr. Faisal did not refer Plaintiff to Dr. Bitar for mental health treatment until June 2005, over three years after he first began treating her for migraine headaches, presumably because her depression was not sufficiently severe until then.

The ALJ also rejected Dr. Bitar's February 2006 opinion because it was very general and did not "quantify a deficit in attention or concentration or clearly explain the limitation in social functioning." (AR 253-256, 405.) The ALJ also found that Dr. Bitar's report was "partially countered by Dr. Faisal's reported examination that, while also somewhat brief and general, at least describes the claimant as alert, attentive, cooperative, and with intact memory." (AR 210-212, 405.) This is the type of conclusory, brief, and unsupported report that may be properly discounted by an ALJ. *Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Tonapetyan*, 242 F.3d at 1149.

The ALJ provided specific and legitimate reasons for rejecting Dr. Bitar's assessment, each of which was supported by substantial evidence in the record. Plaintiff has failed to show that her depression prevented her from performing substantial gainful activity prior to her date last insured. Therefore, no relief is warranted on this claim.

**B. The ALJ's Determination That Plaintiff's Depression Was Not Functionally Limiting Was Supported by Substantial Evidence**

Plaintiff next contends that the ALJ's determination that Plaintiff had only mild to moderate limitation in activities of daily living and in maintaining social functioning and concentration due to her depression was not supported by substantial evidence. (Joint Stp. 9.) The ALJ stated that although there was "evidence of some depression

1   reasonably linked [to] the alleged onset date and, more clearly,
2   established by December 31, 2004," there was a lack of medical evidence
3   in the record to support a finding that Plaintiff's depression
4   significantly limited her ability to perform substantial gainful
5   employment. (AR 406.)

6       Substantial evidence supported the ALJ's finding that Plaintiff's
7   depression caused only mild to moderate limitation in activities of
8   daily living and in maintaining social functioning. As discussed in
9   detail above, there is no medical opinion in the record during the
10  relevant period of disability which establishes that Plaintiff's
11  depression was disabling and precluded her from working. In fact,
12  Plaintiff even concedes that Dr. Faisal, her treating physician during
13  the relevant disability period, "never expressed an opinion as to
14  whether [P]laintiff was employable or disabled, nor did he assess her
15  functional capacity." (Joint Stp. 9.)

16      In addition, the ALJ noted that Plaintiff's claim that her
17  depression was disabling was undermined by her lack of credibility. (AR
18  406.) As the Court concluded in its January 26, 2009 opinion remanding
19  the case for further proceedings, the ALJ properly rejected Plaintiff's
20  testimony as not being fully credible.[1]

21      Accordingly, the ALJ's determination that Plaintiff only had mild
22  to moderate limitation in activities of daily living and in maintaining
23  social functioning and concentration due to her depression was supported
24  by substantial evidence in the record, and Plaintiff is not entitled to
25  relief on this issue.

26

27  _____

28      [1] The Court will discuss in greater detail the issue of Plaintiff's
    credibility in Section C below.

1      **C.    The ALJ Accorded Appropriate Weight to Plaintiff's Testimony**
2              **and Subjective Complaints**

3          Plaintiff contends that the ALJ failed to properly evaluate her
4   testimony and subjective complaints. (Joint Stip. 13.) As he did in the
5   August 8, 2007, decision finding Plaintiff not disabled, the ALJ cited
6   Plaintiff's lack of credibility as adversely affecting the evaluation of
7   the severity of her impairments prior to the date last insured. (AR
8   405.) The ALJ incorporated his analysis of Plaintiff's testimony from
9   the August 8, 2007, decision into the September 11, 2009, decision
10  finding Plaintiff not disabled. (AR 401.)

11         As discussed in detail in the Court's January 26, 2009, opinion,
12  the ALJ gave multiple reasons for finding that Plaintiff's subjective
13  testimony was not entirely credible, all of which are fully supported by
14  the record. (AR 428-431.)

15         In addition, the ALJ also found that Plaintiff was not fully
16  credible based upon her testimony at the second administrative hearing
17  held on June 16, 2009. (AR 459-482.) Although Plaintiff testified at the
18  first administrative hearing that she wanted to work after being laid
19  off from her job and sent out resumes for many years, at the second
20  administrative hearing, she claimed that she could not have worked even
21  if she had been offered a job. (AR 467.) As the ALJ noted, this
22  inconsistency in Plaintiff's testimony further diminishes her
23  credibility. (AR 405.)

24         The ALJ made specific findings articulating clear and convincing
25  reasons for his rejection of Plaintiff's subjective testimony. *Smolen v.*
26  *Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). It is the responsibility of
27  the ALJ to determine credibility and resolve conflicts or ambiguities in
28  the evidence. *Magallanes v. Brown*, 881 F.2d 747, 750 (9th Cir. 1989). A

reviewing court may not second-guess the ALJ's credibility determination when it is supported by substantial evidence in the record, as here. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). It was reasonable for the ALJ to rely on all of the reasons stated above, each of which is fully supported by the record, in rejecting the credibility of Plaintiff's subjective complaints. In sum, the ALJ reasonably and properly discredited Plaintiff's subjective testimony regarding the severity of her symptoms as not being wholly credible.

**IV.   CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED** and the action is **DISMISSED** with prejudice.

DATED: August 25, 2010

_____
Marc L. Goldman
United States Magistrate Judge

10